THE STATE EX REL. GRIMES AEROSPACE COMPANY, INC., APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Grimes Aerospace Co., Inc. v. Indus. Comm.*, 112 Ohio St.3d 85, 2006-Ohio-6504.]

(No. 2006–0003—Submitted October 3, 2006—Decided December 27, 2006.)

**Per Curiam.**

{¶ 1} *State ex rel. Liposchak v. Indus. Comm.* (1995), 73 Ohio St.3d 194, 652 N.E.2d 753, provides an exception to the rule that a prior voluntary retirement bars permanent total disability compensation. Under *Liposchak*, retirement does not foreclose compensation when the condition for which compensation is sought has a long latency period and arises after retirement. Appellant, Grimes Aerospace Company, Inc., asserts that under *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, *Liposchak* should be overruled. We disagree.

{¶ 2} Wesley W. Miller was a foundry casting inspector for 32 years. In 1984, he retired. In 2000, he was diagnosed with a long-latency occupational disease. Appellee, Industrial Commission of Ohio, found that the condition was work-related and, under the "last injurious exposure" rule, a workers' compensation claim was allowed against Grimes Aerospace.

{¶ 3} Miller applied for permanent total disability compensation as a result of that condition. Based on a combination of medical and nonmedical factors, that motion was granted on March 11, 2003. The commission specifically rejected Grimes's assertion that Miller was disqualified from compensation because he had voluntarily retired. While *Liposchak* was not cited by name, the commission's reasoning mirrored that in *Liposchak*.

{¶ 4} Grimes turned to the Court of Appeals for Franklin County. That court denied a writ of mandamus after finding that *Liposchak* controlled and that the

commission's order had evidentiary support. While the action was pending in the court of appeals, Miller died, leaving only a closed period of compensation at issue.

{¶ 5} This cause is now before this court on an appeal as of right.

{¶ 6} *Galatis* contains three requirements that must be satisfied before a decision may be overruled: (1) the challenged decision must have been wrongly decided at the time, or changed circumstances no longer justify continued adherence to the decision; (2) the decision defies practical workability; and (3) overruling the decision will not create undue hardship for those who have previously relied upon it. Grimes argues only that *Liposchak* was wrongly decided. It does not assert that the other two requirements have been met. Its proposition therefore fails.

{¶ 7} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

PFEIFER and O'DONNELL, JJ., concur in judgment only.

---

Crabbe, Brown & James, L.L.P., and John C. Albert, for appellant.

Jim Petro, Attorney General, and Sue A. Wetzel, Assistant Attorney General, for appellee.